

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

State Board of Education
Austin, Texas

Gentlemen:                    Attention: Mr. Gaynor Kendall

Opinion Number O-4850
Re: Does the State Board of Edu-
    cation have the authority to
    authorize the refunding of
    past due interest coupons from
    bonds held for the account of the
    Permanent School Fund into inter-
    est refunding bonds to be held
    for the account of the State
    Available School Fund, if the
    interest refunding bonds bear
    a lesser rate of interest than
    the bonds from which the coupons
    are detached?

          We acknowledge receipt of your request for an opinion
on the following questions:

          "1. Does the State Board of Education have the
     authority to authorize the refunding of past due
     interest coupons from bonds held for the account
     of the Permanent School Fund into interest refund-
     ing bonds to be held for the account of the State
     Available School Fund, if the interest refunding
     bonds bear a lesser rate of interest than the bonds
     from which the coupons are detached?

          "2. If your answer to the first question is in
     the affirmative, is there any minimum limitation
     upon the rate of interest which interest refunding
     bonds must bear if they are accepted in lieu of and
     to refund interest coupons detached from bonds held
     by the Permanent School Fund?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In reply to your first question, Article 2789, Revised Civil Statutes, as amended by Chapter 331, Acts of the Regular Session of the Forty-fourth Legislature, authorizes school districts to refund bonds which they have "legally issued", into "new bonds, bearing the same or a less rate of interest;" it further provides "that matured interest coupons may be refunded in like manner * * *, and that the State Treasurer shall, upon order of the State Board of Education, exchange bonds not matured held by him for the Permanent School Fund for the new refunding bonds issued by the same incorporation under the provisions of this subdivision, in case the rate of interest on the new bonds is not less than the rate of interest on the bonds for which they are exchanged."

In connection with the question submitted, whether matured interest coupons may be refunded for the account of the Available School Fund into interest refunding bonds bearing a lesser rate than the bonds from which they are detached, it will be noted that the statute authorizes the districts to refund matured interest coupons into bonds "bearing the same or a less rate of interest", and that the limitation upon the power of the State Board to accept refunding bonds in lieu of obligations held for the accounts of the school funds is that no refunding bonds shall be accepted in exchange for "bonds not matured" if the refunding bonds bear interest at a lesser rate than the underlying bonds.

It will be seen from the above that the Legislature draws a distinction between "matured coupons" and "unmatured coupons", and authorizes school districts to refund bonds which they have legally issued into new bonds bearing the same or a less rate of interest, and further provides that "matured interest coupons" may be refunded "in like manner". You are advised therefore, that your question Number 1 is answered in the affirmative.

Referring to your second question, Article 2671, as amended by the Forty-sixth Legislature, reads as follows:

"The Comptroller of State Board shall carefully examine the bonds, obligations, or pledges so offered and investigate the facts tending to show the validity

thereof; and such Board may decline to purchase same unless satisfied that they are a safe and proper investment for such fund. No bonds, obligations, or pledges shall be so purchased that bear less than two and one-half (2½%) per cent interest. No bonds, obligations, or pledges except those of the United States, the State of Texas, and the University of Texas, shall be so purchased when the indebtedness of the county, city, precinct, or district issuing same, inclusive of those so offered, shall exceed seven (7%) per cent of the assessed value of the real estate therein. If default be made in the payment of interest due upon such bonds, obligations, or pledges, the State Board of Education may at any time prior to the payment of such overdue interest elect to treat the principal as also due, and the same shall thereupon, at the option of said Board become due and payable; and the payment of both such principal and interest shall in all such cases be enforced in the manner provided by law, and the right to enforce such collection shall never be barred by any law or limitation whatever."

It will be seen from the above quoted article of the statutes that the State Board may purchase bonds where the rate of interest is not less than two and one-half (2½%) per cent per annum, and it is our opinion that the interest rate of 2½% is the minimum limitation which interest refunding bonds must bear if they are accepted in lieu of and to refund interest coupons detached from bonds held by the Permanent School Fund.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By (signed) C. F. Gibson
Assistant

CFG-s:t

APPROVED AUGUST 24, 1942
(signed) GROVER SELLERS
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
By: B. W. B., Chairman